UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ANTWON HEBRON,

Plaintiff,

v. Case No. 26-cv-1735-bhl

COMMUNITY REINTEGRATION CENTER and
MILWAUKEE POLICE DEPARTMENT DISTRICT 7,

Defendants.

---

## SCREENING ORDER

---

Plaintiff Antwon Hebron, who is currently incarcerated at the Milwaukee County Community Reintegration Center and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Hebron's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Hebron has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Hebron has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $100.00. Hebron's motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a

complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Hebron, "District 7 Milwaukee PD" performed an illegal search and seizure without a valid warrant. Hebron also asserts that the Community Reintegration Center "did not provide [him] with [his] Gabapentin," which he states he was prescribed by a hospital for a gunshot wound. Hebron requests lifelong compensation and to be released from jail. Dkt. No. 1

## THE COURT'S ANALYSIS

The complaint is deficient and must be dismissed for multiple reasons. First, Hebron's complaint violates Rules 18 and 20 of the Federal Rules of Civil Procedure. While multiple claims against a single party are fine, a plaintiff cannot bring unrelated claims against different defendants in the same case. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a) and 20(a)(2). A plaintiff may join multiple defendants in a single case only if the plaintiff asserts at least one claim against each defendant that arises out of the same events or incidents and involves questions of law or fact that are common to all the defendants. Fed. R. Civ. P. 20(a)(2); *George*,

507 F.3d at 607; *Wheeler v. Wexford Health Sources, Inc*., 689 F.3d 680, 683 (7th Cir. 2012) (joinder of multiple defendants in one case "is limited to claims arising from the same transaction or series of related transactions"). This means that claims related to allegations of an illegal search by police officers cannot be pursued in the same case as claims related to allegations of deficient medical care at the Community Reintegration Center.

Hebron's complaint is also deficient because it fails to identify the people he believes are responsible for the violation of his rights. Hebron sues only the Community Reintegration Center and the Milwaukee Police Department District 7, neither of which are "persons" who can be sued under §1983. *See Whiting v. Marathon Cnty. Sherriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004). A defendant is liable for damages under §1983 only if he was personally responsible for the deprivation of a constitutional right, meaning that the deprivation occurred at the defendant's behest or with her knowledge and consent. *See Williams v. Shah*, 927 F.3d 476, 482 (7th Cir. 2019). This means that the doctrine of respondeat superior cannot be used to hold an employer liable for the misconduct of its employees. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

Next, with regard to Hebron's claim of an illegal search and seizure, the Court notes that he has an open criminal case in state court. *See Wisconsin v. Hebron*, Milwaukee County Case No. 2026CF1812. The principles of equity, comity, and federalism preclude federal courts from hearing cases that interfere with ongoing state proceedings. *See SKS & Associates, Inc. v. Dart*, 619 F.3d 674, 678-79 (7th Cir. 2010). Accordingly, Hebron may not pursue civil claims in this Court that relate to pending criminal charges in state court. Hebron is also advised that when a prisoner challenges "the fact or duration of his confinement," habeas corpus, not §1983, is the proper path. *See Morgan v. Schott*, 914 F.3d 1115, 1119 (7th Cir. 2019). In other words, Hebron's request for "immediate release" is not relief that can be granted in a §1983 case.

Hebron is also advised that he does not state a claim based only on an allegation that his demand for Gabapentin is being denied. While the Constitution requires that medical staff take reasonable measures to address Hebron's complaints of pain, it does not entitle Hebron to his preferred pain medication. *See, e.g., Arce v. Wexford Health Sources, Inc*., 75 F.4th 673, 681 (7th Cir. 2023); *see Pittman v. Madison County*, 108 F.4th 561, 566 (7th Cir. 2024) (explaining that "the proper inquiry turns on whether a reasonable officer in the defendant's shoes would have recognized that the plaintiff was seriously ill or injured and thus needed medical care").

The Court will give Hebron an opportunity to file an amended complaint that addresses the deficiencies identified in this decision. Hebron should draft his amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who was involved; (4) how he was impacted; and (5) what relief he seeks. Hebron should set forth his allegations in short and plain statements and should ensure that his amended complaint can be understood by someone who is not familiar with the facts of his case. If an amended complaint is received, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this case based on Hebron's failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that Hebron's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **November 25, 2026**, Hebron may file an amended complaint if he believes he can cure the defects in the original complaint as described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Hebron a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Hebron shall collect from his institution trust account the $250 balance of the filing fee by collecting monthly payments from Hebron's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Hebron is transferred to another institution, the transferring institution shall forward a copy of this Order along with Hebron's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to Inmate Accounts, Milwaukee County Community Reintegration Center, 8885 S. 68th Street, Franklin, WI 53132.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all

inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Hebron is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 26th day of October, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge